UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT L. HOLLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00357-JMS-MJD |
| | ) | |
| DUSHAN  ZATECKY individually and in his | ) | |
| official capacity as Superintendent of the | ) | |
| Pendleton Correctional Facility, | ) | |
| HERBERT  DUNCAN individually and in his | ) | |
| official capacity as Investigations and | ) | |
| Intelligence Officer at the Pendleton | ) | |
| Correctional Facility, | ) | |
| DICK  BROWN individually and in his official | ) | |
| capacity as Superintendent of the Wabash | ) | |
| Valley Correctional Facility, | ) | |
| ROB  MARSHALL individually and in his | ) | |
| official capacity as Investigations and | ) | |
| Intelligence Officer at the Wabash Valley | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

**I. Screening**

Plaintiff Robert Holleman has paid the filing fee. The complaint is now subject to screening under 28 U.S.C. § 1915A. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id.*

Mr. Holleman is an inmate at the Wabash Valley Correctional Facility ("WVCF"). He names the following defendants: 1) Dushan Zatecky, Superintendent of Pendleton Correctional

Facility ("PCF"); 2) Herbert Duncan, Investigations and Intelligence Officer at PCF; 3) Dick Brown, Superintendent at WVCF; and 4) Rob Marshal, Investigations and Intelligence Officer at WVCF. The defendants are sued in their individual and official capacities. Mr. Holleman alleges that the defendants have violated and continue to violate his Fourth Amendment rights by searching and seizing his telephone calls without probable cause and without a search warrant. He alleges that the defendants have recorded and listened in on his telephone calls and kept them for six (6) months or longer in case they will be useful in any future investigations. He alleges that all offenders' telephone calls are recorded in this way. He seeks injunctive relief and compensatory and punitive damages.

Mr. Holleman's claims fail to state a claim upon which relief can be granted as a matter of law. "[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Shell v. United States,* 448 F.3d 951, 955 (7th Cir. 2006) (internal quotation omitted). "To determine reasonableness under the Fourth Amendment, we balance the degree of the intrusion into [the individual's] privacy interests against the government's need for the search." *Id.* at 956. "As the Supreme Court has held, [i]n prison, official surveillance has traditionally been the order of the day." *United States v. Sababu,* 891 F.2d 1308, 1329 (7th Cir. 1989) (internal quotation omitted). Prisoners have a reduced expectation of privacy, and their telephone conversations are "not protected by the fourth amendment." *Id.; see also United States v. Madoch,* 149 F.3d 596, 602 (7th Cir. 1998) (marital privilege did not apply to taped telephone conversations between spouse and jail inmate because of the "well-known need for correctional institutions to monitor inmate conversations"). Therefore, issues of probable cause or warrants do not arise in the context of prisoners' telephone calls. Because Mr. Holleman does not have a reasonable expectation of privacy in his telephone

calls while he is in prison, his complaint must be **dismissed for failure to state a claim upon which relief can be granted**.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

## II.  Further Proceedings

The plaintiff shall have **through November 21, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice. Failure to show cause or amend may result in the dismissal of the action without further notice for the reasons set forth in this action.

**IT IS SO ORDERED.**

Date: October 20, 2016

Distribution:

ROBERT L. HOLLEMAN
10067
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana